UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 12 C 2323 |
| | ) |
| KEVWE AKPORE, Warden, | ) Judge Rebecca R. Pallmeyer |
| Hill Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Davis is a prisoner in the custody of the warden of Hill Correctional Center. Petitioner was convicted of first-degree murder in state court on August 7, 2003. On July 1, 2011, after having exhausted his state court remedies, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent asserts that Petitioner has procedurally defaulted on all of his claims. For the reasons explained below, Davis's petition is dismissed.

## FACTUAL BACKGROUND

On August 7, 2003, Petitioner was convicted by a jury of first-degree murder. A state court judge sentenced him to a 27 years in prison. (Pet'r's Pet. [1] ¶¶ 1-6.) The conviction occurred after Petitioner's second jury trial; the jury in his first trial was unable to reach a unanimous verdict on the murder charge. (3/29/07 Order [11], Ex. A to Resp't's Answer [10], at 1.) On direct appeal in state court, Petitioner argued that his trial counsel was ineffective for (1) failing to request a second-degree murder instruction; (2) failing to object to the admission of prior statements by a witness during the trial, Antonio Woods; and (3) failing to redact portions of Woods's testimony. Petitioner also argued that his Sixth Amendment right to confrontation was violated when Woods's testimony from the first trial was read into the record of the second trial, including prior statements and grand jury testimony that were not subject to cross-examination. Petitioner contended, further, that the trial court erred by refusing to allow Petitioner to make an open plea of guilt and by failing to inquire

into Petitioner's ineffective assistance allegations. (Reply Brief & Arg. for Def.-Appellant [11], Ex. D to Resp't's Answer, at 1-20.) The First District Appellate Court affirmed Petitioner's conviction. (3/29/07 Order at 1.)

Petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, arguing that the trial court erred by "failing to inquire into [Petitioner's] request to plead guilty" before the second trial. (PLA [11], Ex. E to Resp't's Answer, at 12-14.) Petitioner asserts that the court refused to allow a "conference" between the Petitioner and the judge because Petitioner had already pleaded not guilty and testified at his first trial that he acted in self-defense. By refusing such a conference, Petitioner argues, the court violated his alleged fundamental right "to [e]nter an [o]pen [p]lea of [g]uilt." (*Id.* at 12.) The Illinois Supreme Court denied the PLA on September 26, 2007. *People v. Davis*, 225 Ill.2d 646, 875 N.E.2d 1116 (Ill. 2007) (Table). Petitioner did not seek a writ of *certiorari* in the Supreme Court of the United States following the rejection of his PLA. (Pet'r's Pet. ¶ 9.)

On February 13, 2008, Petitioner filed a *pro se* post-conviction petition in the Circuit Court of Cook County. (Pet'r's Pet. for Post-Conviction Relief [11], Ex. F to Resp't's Answer, at 1-4.) Petitioner alleged, *inter alia*, that his trial counsel was ineffective for failing to subpoena witnesses at the hearing on his motion for new trial and for failing to impeach trial witness Jonathan Nichols with an affidavit recanting Nichols's testimony. Petitioner also asserted that he was denied a fair hearing on his motion for a new trial. (*Id.*) The trial court dismissed the petition (Resp't's Answer ¶ 7), and the First District Appellate Court affirmed that there were no issues of arguable merit on appeal. (10/10/10 Order [11], Ex. I to Resp't's Answer, at 2.) Petitioner filed a second PLA (1/4/11 PLA [11], Ex. J to Resp't's Answer, at 1-9), which was denied on March 14, 2011. *People v. Davis*, 949 N.E.2d 660 (Ill. 2011) (Table).

Petitioner filed this petition for a writ of habeas corpus in federal court on July 1, 2011. He argues that his Sixth Amendment right to effective representation was violated when his trial

2

counsel failed to object (1) to the trial court's refusal to tender second-degree murder instructions for "mutual combat" and (2) to the introduction of prior statements made by a witness in Petitioner's first jury trial.  He also argues that his trial counsel failed to inform the state court of Petitioner's intention to negotiate a plea bargain.  (Pet'r's Pet. at 3-4.)  Respondent asserts that Petitioner has procedurally defaulted on all of the claims in his petition for a writ of habeas corpus.  (Resp't's Answer ¶ 10.)

## **DISCUSSION**

For federal habeas review, a petitioner must first exhaust available state court remedies, which includes "present[ing] the state courts with the same claims he urges upon the federal courts."  *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (quoting *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971)).  A petitioner procedurally defaults his claims when he fails to "fully and fairly present [his] arguments to the state court."  *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009).  Once a claim has been defaulted, a federal court may consider it only "if the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice."  *Id.* (internal quotation marks and citations omitted).

Petitioner procedurally defaulted his claims in this petition because he did not subject them to one full round of state-court review.  Petitioner did raise his claims that his trial counsel was ineffective for failing to object to the trial court's refusal to tender second-degree murder instructions and to the introduction of prior statements made by a witness in Petitioner's first jury trial on direct appeal.  (3/29/07 Order at 1-2). He abandoned those claims, however, when he filed his ensuing PLA.  (PLA, Ex. E to Resp't's Answer.)  Petitioner contends that his claim that his trial counsel was ineffective for failing to object to prior statements made by a witness in his first trial was preserved because it was discussed, though ultimately abandoned, in his post-trial motion.  (Pet'r's Mot. in Resp. on his Habeas Corpus Pet. [15], hereinafter "Pet'r's Reply", at ¶ 7.)  Raising an issue in a

3

post-trial motion does not substitute for presenting a claim through full state appellate review, however. Petitioner's failure to present his claims in his PLA results in procedural default of those claims.

Similarly, Petitioner has presented a claim that his trial counsel failed to inform the state court of Petitioner's intention to negotiate a plea bargain, but that claim, too, is procedurally defaulted. Even if this court assumed that Petitioner had presented that claim in state court, which he arguably did not, he did not include that claim in his post-trial motion. (*See* 3/29/07 Order at 26.) Failure to include a habeas claim in a post-trial motion can serve as an independent and adequate basis for default. *See Miranda v. Leibach,* 394 F.3d 984, 997 (7th Cir. 2005). In fact, none of the claims Petitioner raises in his federal habeas petition were raised in his post-conviction petition. (Pet'r's Pet. for Post-Conviction Relief at 1-4.)

Finally, Petitioner cannot excuse his default by establishing cause and prejudice for the default or arguing that failure to consider his claim would result in a fundamental miscarriage of justice. *See Johnson*, 574 F.3d at 431. Petitioner has neither alleged nor demonstrated any cause to excuse his procedural default, nor has he contended that he is actually innocent or that federal habeas is necessary to avoid a fundamental miscarriage of justice. Petitioner's claims cannot escape procedural default.

**CONCLUSION**

The court denies Petitioner's petition for a writ of habeas corpus and dismissed the petition because all of the underlying claims have been procedurally defaulted. The court also declines to issue a certificate of appealability, as its ruling is not one that jurists of reason would find debatable. *Gonzalez v. Thayer*, ___ U.S. ___, 132 S. Ct. 641, 648 (citing 28 U.S.C. § 2253(c)(2)).

ENTER:

Dated: March 27, 2013

_____
REBECCA R. PALLMEYER
United States District Judge